UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**ROBERT FRANCIS, JR.**                    **CIVIL ACTION NO. 07-CV-2205**
**RAYMOND LAMBERT**

**VS.**                    **JUDGE HAIK**

**REGINALD THOMAS**               **MAGISTRATE JUDGE METHVIN**
  *individually and in his official capacity as a*
  *police officer for the City of Lafayette*
**LAFAYETTE PARISH CONSOLIDATED GOV'T**

### *HEIGHTENED PLEADING REVIEW*

This civil rights action has been brought against defendant Police Officer Reginald Thomas in both his official and individual capacity.[1] In his answer, Thomas pleads the defense of qualified immunity. The undersigned has therefore conducted an evaluation of plaintiffs' complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[2] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiffs' action stems from an incident that occurred when they were professionally videoing a birthday party at Nite Caps, Inc. Robert Francis, Jr. and Raymond Lambert, Francis's assistant, allege that they entered the nightclub with permission and after filming for awhile, Francis requested and was granted permission from the bartender to get on the bar to get an aerial

---

[1] As discussed below, it is unclear whether plaintiff Raymond Lambert is bringing a civil rights action.

[2] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a Section 1983 case, the district court should insist that a plaintiff file a reply under Rule 7(a) Fed.R.Civ.P. The reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56. Schultea v. Wood, 47 F.3d 1427, 1433-34.

film of the club; the bartender told Francis to get down after a few minutes; Francis attempted to give his camera to Lambert before he got off of the bar; the bartender grabbed him around his legs, threw him into the back of the bar, slamming him into the back walls of the bar and took him to a secluded room and began to beat him. After Francis exited, plaintiffs claim that Lambert attempted to get the bartender off of Francis, and the bartender punched Lambert in the jaw and tackled him against the wall, and two other bartenders knocked him out for a few seconds.

According to plaintiffs, the manager joined the altercation and called Francis a "nigger." Plaintiffs asserts that Francis and the manager exited the night club where they met Officer Thomas who was told that Francis had stolen a bottle of liquor. Plaintiffs contends that it could plainly be seen that Francis had no liquor bottle on his person. Plaintiffs claim that Officer Thomas placed him in a choke hold, cutting off the circulation to his head, and said, "you about a stupid Nigga" as he drug him to his police unit; that Lambert walked up to Police Officer Thomas to get Thomas to stop choking Francis, and the officers drew their guns on him.

Francis claims that Officer Thomas used excessive force against him and that he was falsely arrested. He brings his action against Officer Thomas in his official capacity as a City of Lafayette Police Officer and in his personal capacity and against the City of Lafayette for their alleged custom or policy of failing to properly train police officers and/or inadequately screen police officers under Title 42 USC § 1983. Francis seeks damages for physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, lost wages, humiliation and embarrassment, and attorneys fees.

3

Considering the foregoing, the undersigned concludes that Francis has "supported his claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Francis has therefore met the heightened pleading requirement and no Rule 7(a) Order is necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[3]

The complaint states clearly that Francis is bringing a § 1983 action. However, the sum of Lambert's allegations against Officer Thomas are that he drew his weapon on him. To prevail on an excessive force claim, a plaintiff must show: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. Tarver v. City of Edna, 410 F.3d 745, 751 (5th 2005). Psychological injuries can serve as a basis for § 1983 liability; Id.

A reading of the complaint shows that Lambert has not specifically alleged a civil rights action, but appears to be bringing state negligence claims only for physical and mental pain and suffering, loss of enjoyment of life and lost wages. However, Officer Thomas has asserted qualified immunity as to both plaintiffs. In light of the foregoing,

---

[3] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.

**IT IS ORDERED** that **within twenty (20) days of receipt of this order**, plaintiff Lambert shall file either a statement clarifying that he is not asserting a claim under §1983 against Officer Thomas, or a Rule 7(a) reply to the qualified immunity defense invoked by Officer Thomas**.** Specifically, the reply shall state: (1) the constitutional rights that Officer Thomas personally violated; (2) the facts that support Lambert's allegations against Thomas; and (3) the reasons why Officer Thomas is not entitled to qualified immunity.

Signed at Lafayette, Louisiana, on May 26, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)